IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA AVOCADO COMMISSION, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MIKE JOHANNS,[1] Secretary of the United States Department of Agriculture, et al., <br><br> Defendants. | No. CV-F-01-6578 REC SMS <br><br> ORDER DISMISSING CASE AS MOOT. |

Plaintiffs, four California avocado growers and an agency created by the state of California that purports to represent the interests of California's approximately 6,000 commercial avocado growers and their 21,000 employees, challenge the promulgation of two final rules - the Original Avocado Rule and the Avocado Expansion Rule - by the Animal and Plant Health Inspection Service ("APHIS") of the United States Department of Agriculture

---

[1] Mike Johanns has been substituted for his predecessor Ann Veneman pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

("USDA"). The challenged APHIS rules permitted the regulated importation of Hass avocados from the Mexican state of Michoacan into specified regions of the United States.

On November 18, 2002, the Court heard the parties' cross motions for summary judgment or summary adjudication of Plaintiffs' claims. On January 14, 2004, the Court issued an order dismissing as moot Plaintiffs' challenge to the Original Avocado Rule. Upon further consideration, the Court dismisses as moot Plaintiffs' challenge to the Avocado Expansion Rule.

**I.  Undisputed Factual Background**

The Mexican Hass avocado was subject to a ban on import to the contiguous United States from 1914 to 1997 under federal plant quarantine laws and regulations. On November 15, 1994, APHIS published an advance notice of a proposed rule-making in the Federal Register, announcing that it had received a request from the Government of Mexico to allow importation of Hass avocados from the Mexican state of Michoacan.

The Original Avocado Rule was promulgated under the authority of the Plant Quarantine Act of 1912. Following the solicitation of comments on the advanced notice, a proposed rule was published and APHIS prepared risk analysis documents and an Environmental Assessment. APHIS concluded that the likelihood of pest introduction into the United States would be reduced to a negligible level if the mitigation measures set forth in the Original Avocado Rule were applied. After a 180-day period for public comment, the submission of written comments, and public

2

1  hearings, APHIS published a final rule on February 5, 1997 (the
2  "Original Avocado Rule").  The Original Avocado Rule allowed,
3  subject to certain conditions, the importation of Hass avocados
4  from November through February into 19 central and northern
5  states and the District of Columbia.
6      APHIS received another request from the Government of Mexico
7  to expand the scope of avocado importation.  A new authorizing
8  statute, the Plant Protection Act, was in effect when the request
9  was received and remains in effect today.  APHIS, via the notice
10 and comment rule-making procedures, amended the Original Avocado
11 Rule on November 1, 2001.  The amended regulation, the "Avocado
12 Expansion Rule," was published at 7 C.F.R. § 319.56-2ff.  It
13 expanded the area of distribution to include 12 more states and
14 it lengthened the shipping season to October 15 through April 15.
15 **II.  Procedural Background**
16     Plaintiffs' complaint challenges the legality of both the
17 Original Avocado Rule and the Avocado Expansion Rule, arguing
18 that both rules were promulgated in excess of the USDA's
19 statutory authority, were arbitrary and capricious based on the
20 administrative record and were contrary to the USDA's general
21 quarantine.  Plaintiffs also argue that the USDA violated the
22 National Environmental Policy Act because it failed to prepare an
23 environmental impact statement for either rule.
24     As mentioned, on January 14, 2004, the Court dismissed as
25 moot Plaintiffs' challenge to the Original Avocado Rule.  The
26 Court found that the Avocado Expansion Rule superseded the

Original Avocado Rule and that, accordingly, the Original Avocado Rule was incapable of harming Plaintiffs.

## III.  Recent Developments

On May 24, 2004, APHIS published an advance notice of a proposed rule-making in the Federal Register.  69 Fed. Reg. 69749, 69749 (Nov. 30, 2004).  The proposal was to amend the regulations governing the importation of Hass avocados from Michoacan, Mexico to, *inter alia*, expand the number of states into which the avocados could be imported and to allow distribution all months of the year.  Id.  The action was proposed both in response to a request by the Government of Mexico and based on APHIS' determination that the phytosanitary measures provided by the rule would reduce the risk of introduction of plant pests associated with Mexican Hass avocados in the United States.

APHIS solicited comments for a 60 day period that ended on July 23, 2004, and the risk assessment was updated based on the comments received.  Id.  Ultimately, APHIS estimated with 95 percent confidence that fewer that 387 infested avocados would enter the United States under the new rule.  However, APHIS also noted that no pests have been discovered in 6 years of inspections that included the examination of over 10 million avocados.  Id.  Based in part on this data as well as on statistical models, APHIS concluded that "it is slightly more likely that zero infested avocados will enter the United States than one infested avocado."  Id.

4

1    The final rule went into effect on January 31, 2005.  As
2 amended, it provides that fresh Hass avocados may be imported
3 pursuant to restrictions from Michoacan, Mexico into all states
4 except California, Florida and Hawaii.  7 C.F.R. § 319.56-2ff
5 (2005).  The regulation further provides that after January 31,
6 2007, fresh Hass avocados may be imported into all states.  Id.
7 **IV.  Mootness**
8    Under Article III of the Constitution, federal courts have
9 jurisdiction only over cases and controversies.  Public Util.
10 Comm'n v. F.E.R.C., 100 F.3d 1451, 1458 (9th Cir. 1996).  A case
11 becomes moot "when the issues presented are no longer 'live' or
12 the parties lack a legally cognizable interest in the outcome."
13 Id. (quoting Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181,
14 71 L. Ed. 2d 353 (1982)).  A key inquiry is whether a court is
15 "able to grant effective relief."  Id. (citing GTE California,
16 Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994)); McBride Cotton &
17 Cattle Corp. v. Veneman, 290 F.3d 973, 982 (9th Cir. 2002).
18    Here, APHIS followed the notice and comment procedures for
19 rule-making required by the Administrative Procedures Act.  5
20 U.S.C. §§ 551(5), 553.  Under those procedures, an amended rule
21 as promulgated is final and supersedes the earlier rule.
22 Accordingly, the Avocado Expansion Rule ceased having legal
23 effect on January 31, 2005, when the New Avocado Rule became
24 effective.  As was the case with respect to the Original Avocado
25 Rule, the Court cannot grant relief from an inoperative rule.
26 See Doc. 89 at 7.  Consequently, Plaintiffs' challenge to the

5

Avocado Expansion Rule is moot and the Court dismisses the remainder of the complaint on the grounds that the Court lacks subject matter jurisdiction.  See Sannon v. United States, 631 F.2d 1247, 1250-51 (5th Cir. 1980) (stating "[t]hat newly promulgated regulations immediately applicable to litigants in a given case can have the effect of mooting what once was a viable case is without doubt").

**ACCORDINGLY,** the remainder of Plaintiffs' complaint is DISMISSED AS MOOT.

IT IS SO ORDERED.

**Dated:  May 18, 2005**           **/s/ Robert E. Coyle**
ia40ij                              UNITED STATES DISTRICT JUDGE